that at the time of said loan the plaintiff was actually owing said company more than the amount of that loan. This testimony was contradicted by the plaintiff. The issues thus raised were questions of fact, to be determined by the court, and were decided in favor of the defendants. The attention of this court has not been called, upon this appeal, to any exceptions taken by the plaintiff; and it does not appear that injustice has been done, or that the judgment is against the weight of evidence. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.

---

### SKELLY v. COHEN et al.

#### (Supreme Court, Appellate Term. March 24, 1899.)

FORCIBLE ENTRY AND DETAINER—PLEADING AND PROOF.

    A petition alleging that, while a petitioner was in actual occupation and possession of certain premises, defendants unlawfully and forcibly ejected him and his agents therefrom, should be dismissed; the evidence being that he was never on the premises, and at best had but constructive possession through an assignment of a lease from one whose occupation and possession had never been forcibly disturbed, taken away, or withheld.

Appeal from municipal court, borough of Manhattan, Seventh district.

Proceedings by Patrick Skelly against Herman Cohen and others. From an order dismissing the petition, petitioner appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Johnston & Johnston, for appellant.
Maurice Rapp, for respondents.

MacLEAN, J. The petitioner herein alleged that while in actual occupation and possession of the premises No. 324 East Seventy-First street, in the city of New York, the defendants, on or about June 2, 1898, unlawfully and forcibly ejected him and his agents from the premises, and on that day, and divers days thereafter, held possession of said premises by force. The petitioner himself, however, testified that he had never been upon the premises; and the evidence further introduced on his behalf showed, at best, but constructive possession through an assignment of a lease from one Wenzel Hoffman, whose occupation and possession, so far as appears from the evidence, had never been forcibly disturbed, taken away, or withheld.

The order of the municipal court dismissing the petition should be affirmed, with costs.

Order affirmed, with costs. All concur.